Filing # 112449950 E-Filed 08/26/2020 08:51:37 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL
CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

RAYMOND BAUMAN,

    Plaintiff,                    CASE NO.:_____

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, RAYMOND BAUMAN (hereinafter "Homeowner"), by and through its undersigned counsel, hereby sues Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST (hereinafter "Defendant"), and alleges as follows:

### COMMON ALLEGATIONS

### Jurisdiction & Parties:

1. This is an action for damages in excess of $30,000.00, exclusive of interest, fees, and costs, and therefore jurisdiction is with this Court.

2. This action is for a property insurance dispute regarding insurance that covers a piece of real property located within Lee County with an address of 8483 Gleneagle Way, Naples, Florida 34120 (hereinafter "Property"), and therefore is within jurisdiction of this Court.

3. The Property is owned by RAYMOND BAUMAN.

4. This is an action concerning a residential policy of insurance for the above-mentioned Property. Delivery of the Policy was made in the state of Florida. Therefore, jurisdiction is with this Court.

5.  As detailed more fully herein, Defendant, through its agents, breached the policy of insurance in Florida, and therefore is in the jurisdiction of this Court.

6.  The Defendant issued the residential policy that covered the Property.

7.  Defendant's payments for the loss will be made in this County. Therefore, jurisdiction is proper with this Court.

## Background Facts:

8.  The policy issued by Defendant that covered the Property has a **policy number** of **55RBB488527**. (hereinafter "Policy.") A certified copy of the policy is attached as **"Exhibit A"** and incorporated herein for the purpose of showing that Defendant had extended insurance to cover the Property.

9.  The Homeowner procured insurance and has timely paid the premiums due under the Policy and followed all of its obligations under the Policy to be covered in case of need.

10. On or about September 10 through September 11, 2017, the Property suffered extensive damage in excess of the deductibles contained in the Policy. Damages occurred as a result of Hurricane Irma. Said damages are covered under the Policy of insurance issued by Defendant.

11. The Homeowner, and later Homeowner and its agents, timely reported the loss to Defendant and requested coverage under the Policy.

12. Defendant's assigned claim number is **PP0018589468**.

13. Now that the Property has suffered a covered loss that needed to be repaired, Defendant refuses to indemnify the Homeowner for the damages covered under the Policy.

14. At all times, the Homeowner and its agents have complied with all requests and demands of Defendant.

15. Homeowner has provided detailed estimates showing the amount of money due and owing under the policy.

16. Defendant has refused to pay the amount of money due under the Policy and has therefore, underpaid for the loss.

17. Homeowner has been damaged by Defendant's failure to the pay the amounts due and owing under the Policy.

18. All conditions precedent to this action have been complied with, substantially complied with, or waived. Defendant has suffered no prejudice.

### COUNT 1 – BREACH OF CONTRACT

19. Homeowner re-avers and re-alleges paragraphs 1-18, as if fully alleged herein.

20. The Policy covered the losses to the Property.

21. The Policy is a contract that exists between the Homeowner and Defendant.

22. The Policy required Defendant to pay the amount of money necessary to restore the Property to its pre-loss condition.

23. Defendant has failed to provide all payments that are due under the Policy for the loss.

24. Defendant's failure to pay on this loss is a breach of the contract.

25. Defendant's breach has caused ongoing damages to the Property and to Homeowner.

26. As a result of the breach, Homeowner have had to retain the undersigned attorney and its firm and has agreed to pay to such firm a reasonable fee for which Defendant is liable under *Fla. Stat. 627.428*.

**WHEREFORE,** Homeowner demands judgment against Defendant for the amounts due under the Policy, plus costs, prejudgment interest, and attorneys' fees pursuant to *Fla. Stat. 627.428* and any other source.

### RESERVATION OF RIGHT TO AMEND

Homeowner reserve the right to amend this complaint to seek causes of action based upon Defendant's violation of Florida's Civil Remedy Law, section 624.155, and to seek punitive damages.

### DEMAND FOR JURY TRIAL

Homeowner demand trial by jury for all issues so triable.

### DESIGNATION OF E-MAIL ADDRESS PURSUANT TO RULE 2.516

Pursuant to *Fla. R. Jud. Admin. 2.516,* Plaintiff hereby files its notice of designation of email address for the purpose of service of all documents in this proceeding:
Main: service@vishioforry.com ; Secondary: bpanter@vishioforry.com .

Respectfully submitted,

**VishioForry Insurance Lawyers**

/s/ *Brittany Panter*
Brittany Panter Esq.
Fla. Bar. No. 115779
*Attorney for Homeowner*
1300 Goodlette-Frank Rd. N, Suite 202
Naples, FL 34102
(239) 703-7210
(239) 900-1993 (Fax)
Service at service@vishioforry.com
bpanter@vishioforry.com