UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYMOND BAUMAN,

    Plaintiff,

vs.                                        CASE NO. 2:20-cv-763-JLB-MRM

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

## ORDER

      This matter is before the Court on Plaintiff's Motion For Remand (Doc. 9). Plaintiff argues that Defendant's removal from Florida state court based on diversity jurisdiction was improper because he and Defendant are both citizens of Florida. Defendant agrees that Plaintiff is a citizen of Florida. The Court holds that complete diversity exists because Defendant is a Connecticut corporation with its principal place of business in Connecticut See 28 U.S.C. § 1332(c)(1). Plaintiff's motion to remand to Florida state court therefore is denied.

## DISCUSSION

      Defendant is a corporation, which is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant alleges it is incorporated and has its principal place of business in Connecticut. (Doc. 1, ¶ 7.) Plaintiff does not dispute these facts. These undisputed facts

establish that, pursuant to section 1332(c)(1), Defendant is a citizen of Connecticut for purposes of subject matter jurisdiction based on diversity of citizenship. Because Defendant is a citizen of Connecticut while Plaintiff is a citizen of Florida, complete diversity of citizenship exists and Defendant's removal was proper.

  The Court notes that Plaintiff may be confusing the requirements for a court to assert personal jurisdiction over an out-of-state defendant with the requirements for a federal court to assert subject matter jurisdiction over a case based on diversity of citizenship. <u>See, e.g.</u>, <u>Int'l Shoe Co. v. State of Wash.</u>, 326 U.S. 310, 317 (1945) (personal jurisdiction over a corporation may be asserted "when the activities of the corporation [in the forum state] have . . . been continuous and systematic"). In Plaintiff's words, "Defendant is a corporation and is subject to <u>personal jurisdiction</u> in Florida because it is undisputed, or cannot be disputed, <u>that it operates and conducts business within this state</u>." (Doc. 9 at 5 (emphasis added).) The only citation Plaintiff gives as support for this proposition is 28 U.S.C. § 1332(c)(1). <u>See</u> Doc. 9 at 5 ("As stated in 28 U.S.C. § 1332(c)(1), the Defendant is deemed a citizen of Florida, ***<u>ergo there is no diversity.</u>***") (triple emphasis in original)). But, as previously noted, that is not what section 1332(c)(1) says. The statute plainly states that, for purposes of diversity jurisdiction, a corporation is "deemed to be a citizen . . . of the State . . . <u>where it has its principal place of business</u>." 28 U.S.C. § 1332(c)(1) (emphasis added). The statute does not say, as Plaintiff argues, that a corporation is "deemed" a citizen of any state where "it <u>operates and conducts</u> business." Doc. 9 at 5 (emphasis added).

Accordingly, Plaintiff's motion to remand (Doc. 9) is **DENIED.**

ORDERED in Fort Myers, Florida, on December 3, 2020.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE